**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDWARD J. NICHOLAS,** | : | **CIVIL ACTION NO. 3:24-CV-1696** |
| | : | |
| **Plaintiff** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **DR. MCGLAUGHLIN,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

**<u>MEMORANDUM</u>**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Edward J. Nicholas, alleges that defendants violated his civil rights by delaying needed surgery for a broken arm during his pretrial detention in Lycoming County Prison ("LCP"). Defendants have moved to dismiss, and Nicholas has moved for default judgment. The motions to dismiss will be granted, the motion for default judgment will be denied, Nicholas's complaint will be dismissed without prejudice, and he will be granted leave to file an amended complaint.

I.    **<u>Factual Background & Procedural History</u>**

Nicholas filed this case on September 28, 2024, and the court received and docketed his complaint on October 4, 2024. (Doc. 1). The case was initially assigned to United States District Judge Malachy E. Mannion.

According to the allegations in the complaint, Nicholas was assaulted by another inmate in LCP on September 21, 2024. (<u>Id.</u> at 1). Nicholas allegedly suffered a broken bone in his arm and swelling and pain in his arm, hand, and leg. (<u>Id.</u> at 1-2). Nicholas sought medical attention, but defendant McLaughlin, a doctor in the

prison, purportedly did not examine Nicholas. (Id. at 1). Nicholas was instead

examined by a nurse in the prison, who took pictures of Nicholas's injuries that

were then sent to McLaughlin for review. (Id. at 1-2).

Nicholas was not given further medical care until September 26, 2024, when

an unnamed medical official gave him an x-ray. (Id. at 2). On the same day, Dr.

Caruso, an orthopedist at an outside hospital, placed Nicholas's arm in a soft cast

until surgery could be performed on the arm. (Id.) Caruso purportedly told Nicholas

that he would perform the needed surgery the following week and that if the

surgery was not performed in a timely manner Nicholas could suffer partial

paralysis in the arm. (Id. at 2-3). Prison staff shared the results of the x-rays with

Nicholas on September 27, 2024, and scheduled Nicholas for follow-up x-rays. (Id. at

2). As of the date of Nicholas's complaint, twelve days had elapsed since the assault

by the other inmate. (Id.) Nicholas was purportedly in "excruciating" pain while he

awaited surgery, but was not given pain medication by prison medical officials. (Id.)

The denial of medication was allegedly based on a prison policy to withhold pain

medication. (Id.)

Nicholas's complaint asserts claims for deliberate indifference to a serious

medical need against McLaughlin and Barnes, the prison's deputy superintendent.

(Id. at 3). Nicholas requests injunctive relief requiring defendants to perform the

needed surgery, appointment of a special master to oversee his medical care, and

damages. (Id.) He acknowledges that he has not completed the administrative

grievance process at LCP, but states that his failure to do so is due to the

emergency nature of his claims. (Id. at 2). After filing his complaint, Nicholas has subsequently stated that the needed surgery has been performed. (See Doc. 19 at 3).

Defendant Barnes filed a motion to dismiss on November 27, 2024. (Doc. 16). Nicholas filed a motion for default judgment against defendant McLaughlin on December 16, 2024. (Doc. 19). Mclaughlin then filed a motion to dismiss on December 23, 2024. (Doc. 21). Briefing on all three motions is complete and they are ripe for review. (Docs. 17, 22-23). The case was reassigned to the undersigned via verbal order from United States District Judge Matthew W. Brann on January 24, 2025.

## II.    Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

III.    **Discussion**

Nicholas brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

A.    **Motion for Default Judgment**

At the outset, plaintiff's motion for default judgment will be denied. The record reflects that both defendants waived service of process and responded to plaintiff's complaint in a timely fashion after doing so. (See Docs. 12, 15, 16, 21). The motion for default judgment is accordingly meritless.

B.    **Barnes's Motion to Dismiss**

Defendant Barnes moves to dismiss Nicholas's complaint for failure to allege personal involvement. A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be allegations of personal direction or

actual knowledge and acquiescence. <u>Id.</u> Here, the complaint is completely devoid of any allegations as to how Barnes was personally involved in the alleged civil rights violations. (<u>See</u> Doc. 1). The complaint does not mention Barnes in any way except by naming him as a defendant in the caption of the case. (<u>See id.</u> at 1). Barnes's motion to dismiss will accordingly be granted.

Barnes additionally argues that the complaint should be dismissed to the extent it can be liberally construed as challenging the prison's policy of withholding pain medication. (Doc. 17 at 20-22). The court agrees. In order to challenge a county prison policy, a plaintiff must allege: (1) that the prison had a policy; and (2) that the policy caused a violation of the plaintiff's constitutional rights. <u>Natale v. Camden Cnty. Corr. Facility</u>, 318 F.3d 575, 581-82 (3d Cir. 2003) (citing <u>Monell v. Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658, 691 (1978)). Here, Nicholas's conclusory allegation that the prison had a policy to deny him pain medication, (<u>see</u> Doc. 1 at 2), is not sufficient to state a claim upon which relief may be granted.

### C.    McLaughlin's Motion to Dismiss

Defendant McLaughlin seeks dismissal of the complaint for failure to state a deliberate indifference claim upon which relief may be granted.[1] Because Nicholas

---

[1] McLaughlin additionally argues the complaint should be dismissed because Nicholas acknowledges that he failed to exhaust administrative remedies. (Doc. 22 at 15-17). Although McLaughlin is correct that Nicholas acknowledges his failure to complete the grievance process in LCP, (<u>see</u> Doc. 1 at 2), neither party has provided any documentation of what grievance process inmates in LCP are required to complete to exhaust administrative remedies, and the court is unaware of any grievance policy in LCP of which the court could take judicial notice. Absent any documents regarding LCP's grievance policy, this court cannot conclude that Nicholas failed to exhaust administrative remedies.

is a pretrial detainee, his deliberate indifference claim is filed under the Fourteenth Amendment rather than the Eighth Amendment. Natale, 318 F.3d at 581-82. For purposes of deliberate indifference to serious medical need claims, however, the Fourteenth Amendment standard is the same as the Eighth Amendment standard. Id.

To state a claim for deliberate indifference to a serious medical need, a plaintiff must allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Id. at 582 (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention." Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). In addition, "if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." Id. A prison official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Nicholas's complaint fails to state a deliberate indifference claim against McLaughlin. The only allegation against McLaughlin is that he did not personally examine Nicholas following the assault on September 21, 2024, and instead delegated the task of examining Nicholas to a nurse. There is no indication that the

examination being conducted by a nurse instead of McLaughlin harmed Nicholas. There is also no allegation that McLaughlin was personally involved in Nicholas's medical care after this initial examination. Rather, it appears that Nicholas was subsequently given regular medical care by Dr. Caruso and other medical professionals and eventually given the surgery needed to treat his broken arm. It appears from the complaint that any delay in scheduling the surgery was not attributable to McLaughlin. Accordingly, McLaughlin's motion to dismiss will be granted because the complaint fails to state a deliberate indifference claim against him upon which relief may be granted.

### D. Leave to Amend

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, district courts must permit a curative amendment unless the amendment would be inequitable or futile. <u>Phillips</u>, 515 F.3d at 245. Nicholas will be granted leave to file an amended complaint because it is not clear at this stage that amendment would be inequitable or futile.

### IV. <u>Conclusion</u>

The motions to dismiss are granted and the motion for default judgment is denied. The complaint will be dismissed without prejudice and Nicholas will be granted leave to file an amended complaint. An appropriate order shall issue.

/S/ K<small>ELI</small> M. N<small>EARY</small>
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:        June 2, 2025